# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

VERRAGIO, LTD.,

    Plaintiff,

v.

BAY HILL JEWELERS,

    Defendant.

Case No.

---

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND TRADEMARK INFRINGEMENT; DEMAND FOR JURY TRIAL

---

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, files its complaint against Bay Hill Jewelers ("Defendant") for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1. This case is a civil action arising under the Copyright and Trademark Laws of the United States, 17 U.S.C. §§ 101, *et seq.*, and 15 U.S.C. §§ 1051, *et seq.*, respectively.  This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement pursuant to 17 U.S.C. § 501, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b), 1391(c)(2) and 1400(a).  The claims alleged in this action arose in the Southern District of New York; the Defendant transacts business in the Southern District of New York; and this Court has personal jurisdiction over Defendant.

## Parties and Personal Jurisdiction

3. Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

4. Verragio is informed and believes, and on that basis alleges, that Defendant has its principal place of business at 7782 W. Sand Lake Road, Orlando, Florida 32819.

5. This Court has personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Southern District of New York. This Court also has personal jurisdiction over Defendant because Defendant has threatened and is causing actual harm to Verragio, Defendant's actions are aimed at Verragio, and the brunt of the harm Defendant knew would be suffered by Verragio within this Judicial District

## The Business of Verragio

6. Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

7. For over 20 years, Nisguretsky has been an innovator in the design creation, and marketing of fine jewelry. Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

8. Among Nisguretsky's jewelry designs is AFN-5005W, which is an original design comprising copyrightable subject matter under the laws of the United States.

9. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyright in AFN-5005W (VAu 1-049-809). A picture of AFN-5005W is attached to this Complaint as Exhibit A.

10. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN-5005W (VAu 1-049-809), a copy of which is attached to this Complaint as Exhibit B.

11. Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including AFN-5005W.

12. Since its creation, AFN-5005W has been manufactured by Verragio, or under its authority.

13. Verragio owns United States Trademark Registration No. 3306123 for its word mark VERRAGIO which it uses in connection with all jewelry items. Verragio first used the VERRAGIO mark in 1994. The VERRAGIO mark is now incontestable pursuant to 15 U.S.C. § 1065. A copy of the registration certificate for this registration is attached to this Complaint as Exhibit C.

14. Verragio also owns United States Trademark Registration No. 2063519 for its design and word mark V VERRAGIO which it uses in connection with all jewelry items. Verragio first used the V VERRAGIO mark in 1994. The V VERRAGIO mark is now incontestable pursuant to 15 U.S.C. § 1065. A copy of the registration certificate for this registration is attached to this Complaint as Exhibit D.

15. Verragio also owns United States Trademark Registration No. 4691910 for its logo design "V" which it uses in connection with all jewelry items. Verragio first used the V mark in 1994. A copy of the registration certificate for this registration is attached to this Complaint as Exhibit E.

16. Verragio also owns United States Trademark Registration No. 5140337 for its word mark UNLIKE ANY OTHER RING which it uses in connection with all jewelry items.

Verragio first used the UNLIKE ANY OTHER RING mark in 2007. A copy of the registration certificate for this registration is attached to this Complaint as Exhibit F.

17. The VERRAGIO, V VERRAGIO, V and UNLIKE ANY OTHER RING marks and designs (collectively, the "Verragio Trademarks") are valid and enforceable. Each of the Verragio Trademarks is widely known and recognized among jewelers and consumers throughout the United States.

18. Each of the Verragio Trademarks is unique and distinctive and, as such, designate a single source of origin.

19. As a result of Verragio's extensive and exclusive use, each of the Verragio Trademarks has developed extensive goodwill in the market and is extremely valuable to Verragio. Verragio expends substantial effort and expense to protect the Verragio Trademarks and their distinctiveness in the marketplace.

20. Verragio has made and continues to make a substantial investment of time, effort and expense in the design, manufacturing and marketing of its jewelry under the Verragio Trademarks.

21. Verragio advertises its jewelry using the Verragio Trademarks in social media including Facebook, Pinterest, Twitter, YouTube, Instagram, Google+ and over the World Wide Web through its website www.verragio.com.

22. Verragio jewelry marketed with the Verragio has had outstanding commercial success. As a result, jewelers and the public recognize the Verragio Trademarks as designating an exclusive source, thereby creating a goodwill which inures to Verragio's benefit.

23. Verragio jewelry has been sold to authorized retail stores throughout the United States. These authorized retail stores display and offer for sale to the general public Verragio jewelry and are licensed to display and use the Verragio Trademarks.

24. As a prerequisite to becoming an authorized retail store of Verragio, Verragio requires that each retailer sell Verragio jewelry only to the general public and prohibits the sale of Verragio jewelry to distributors or retailers.

**The Business of Defendant and Defendant's Wrongful Conduct**

25. Verragio is informed and believes, and on that basis alleges, that Defendant is a retailer of jewelry and is in the business of marketing and selling fine jewelry.

26. Prior to March 2015, Defendant was an authorized retailer of Verragio.

27. Verragio is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with retailers that purchase jewelry from Verragio.

28. Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Verragio.

29. Defendant is not an authorized retailer of Verragio and is not licensed to use or display the Verragio Trademarks in connection with the marketing, advertising and sale of jewelry.

30. Verragio has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry design of AFN-5005W.

31.     Verragio is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry design of AFN-5005W and other copyrighted ring designs licensed to Verragio.  A copy of Defendant's infringing ring design is attached to this Complaint as Exhibit G.

32.     In its marketing, advertisement and sale of jewelry, Defendant has prominently used the Verragio Trademarks without authorization or license.  A copy of Defendant's improper use of the Verragio Trademarks on Defendant's website is attached to this Complaint as Exhibit H.

33.     In its marketing, advertisement and sale of jewelry, Defendant has falsely claimed that it is an authorized retailer of Verragio.  A copy of Defendant's false claim on Defendant's website, as well as in response to a Google search request, is attached to this Complaint as Exhibit I.

### First Cause of Action
### (Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

34.     Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 33 of this Complaint as though fully set forth.

35.     Defendant's acts constitute infringement of Verragio's licensed copyright in AFN-5005W in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

36. A comparison of the jewelry design of AFN-5005W to Defendant's Rings follows:

 

Verragio Style No. AFN-5005W                     Defendant's Ring

37. Verragio is informed and believes, and on that basis alleges, that Defendant's manufacture, distribution, duplication and/or sale of infringing copies of AFN-5005W was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

38. Defendant's copyright infringement has caused, and will continue to cause Verragio to suffer, substantial injuries, loss, and damage to its proprietary and exclusive rights to AFN-5005W and has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined. In addition, Verragio is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

39. Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury. It would be

difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Defendant's acts and continuing acts.  Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant.  Therefore, Verragio is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of AFN-5005W, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

40.     Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## Second Cause of Action
### (Trademark Infringement Under 15 U.S.C. § 1114(1))

41.     Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 40 of this Complaint as though fully set forth here.

42.     Defendant's use in commerce of the Verragio Trademarks is likely to cause confusion, mistake, or to deceive that Defendant is an authorized retailer of Verragio.

43.     The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Verragio to relief.

44.     Defendant has unfairly profited from the trademark infringement alleged.

45.     By reason of Defendant's acts of trademark infringement, Verragio has suffered damage to the goodwill associated with the Verragio Trademarks.

46.     Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and its federally registered trademark.

47. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

48. By reason of Defendant's acts of trademark infringement, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Verragio is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

49. By reason of Defendant's willful acts of trademark infringement, Verragio is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

50. This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Third Cause of Action
### (Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

51. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 50 of this Complaint as though fully set forth.

52. Defendant's prominent use of the Verragio Trademarks on the Internet in connection with Defendant's sale of jewelry and Defendant's trade name, are likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or service are authorized, sponsored or approved by or are affiliated with Verragio.

53. The above-described acts of Defendant constitute trademark infringement of the Verragio Trademarks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Verragio to relief.

54. Verragio is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendant's jewelry.

55. Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

56. By reason of the above-described acts of Defendant, Verragio has suffered and will continue to suffer damage to the goodwill associated with the Verragio Trademarks.

57. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and the Verragio Trademarks.

58. The above-described acts of Defendant have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

59. By reason of the above-described acts of Defendant, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Verragio is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

60. Because the above-described acts of Defendant were willful, Verragio is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

61. This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Prayer for Relief**

Therefore, Verragio respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendant that Defendant has:

{11626000:1}
1383838.2

10

  a. infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501;

  b. infringed the rights of Verragio in its federally registered Verragio Trademarks in violation of 15 U.S.C. § 1114; and

  c. infringed the rights of Verragio in the Verragio Trademarks in violation of 15 U.S.C. § 1125.

2. That each of the above acts by Defendant were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

  (a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that is substantially similar to AFN-5005W, or any other copyrighted design licensed to Verragio;

  (b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry;

  (c) engaging in any other activity constituting an infringement of the Verragio Trademarks and/or Verragio's licensed copyrighted jewelry designs; and

  (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

4. That Verragio be awarded damages for Defendant's trademark infringement, and false designation of origin.

5. That Verragio be awarded Defendant's profits resulting from its infringement of the Verragio Trademarks.

6. That Defendant be ordered to account to Verragio for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

7. That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8. That Verragio be awarded damages for Defendant's copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9. That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

  (a) copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using the Verragio Trademarks or infringing copies of Verragio's licensed copyrighted jewelry designs;

(b) engaging in any other activity constituting an infringement of any of the Verragio Trademarks or licensed copyrighted jewelry designs; and

(c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 9(a) through 9(b) above.

10. That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

11. That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

12. That the Court award Verragio its costs of suit incurred herein.

13. That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

Dated: November 1, 2018
    New York, New York

**WINDELS MARX LANE & MITTENDORF, LLP**

By:_____s/ John H. Keneally_____
    Robert J. Luddy
    John H. Keneally
156 West 56th Street
New York, New York 10019
Tel.: (212) 237-1025
Fax: (212) 262-1215
rluddy@windelsmarx.com
jkeneally@windelsmarx.com
*Attorneys for Plaintiff VERRAGIO LTD.*

## DEMAND FOR TRIAL BY JURY

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

Dated: November 1, 2018
New York, New York

**WINDELS MARX LANE & MITTENDORF, LLP**


By:_____s/ John H. Keneally_____
Robert J. Luddy
John H. Keneally
156 West 56th Street
New York, New York 10019
Tel.: (212) 237-1025
Fax: (212) 262-1215
rluddy@windelsmarx.com
jkeneally@windelsmarx.com
*Attorneys for Plaintiff VERRAGIO LTD.*